*VOORHIES*
*v.*
*DEBLANC.*

───────────────

T. M. TUCKER *v.* J. BURRIS.

12  871
113 1012

The certificate of a Commissioner for Louisiana of the official capacity of the Clerk of a county court in another State, affords *prima facie* presumption of the legal authority of the Clerk to do what he is shown to have done, to wit, to receive the acknowledgement of a deed.

APPEAL from the District Court of the parish of St. Mary, *A. Voorhies*, J. *T. H. Lewis*, *J. W. Walker*, and *J. E. King*, for *Tucker*, appellant. J. *A. McClarty*, for appellee.

BUCHANAN, J. In September, 1848, *Thomas M. Tucker* brought a possessory action against *John Burris*, claiming damages for trespass committed by said *Burris*, upon the N. W. quarter of section 35, township 16 S., range 13 E., containing one hundred and sixty acres, more or less, of which *Tucker* alleges himself to have been in the actual and uninterrupted possession as owner, for more than one, five, ten and twenty years, previous to the institution of the suit.

In December, 1848, *John Burris* instituted a possessory action against *Thomas M. Tucker*, alleging actual and quiet possession, as owner for many years, of a tract of land situated on the south side of Bayou Bœuf, having thirty arpents front on said bayou, by the depth of forty arpents, bounded, &c. The petition alleges that *Thomas M. Tucker* had committed trespass and waste upon said land, on or about the 1st of September, 1848; and prays for judgment quieting petitioner in his possession, and for damages against *Tucker*.

Finally, in March, 1850, *John Burris* brings another possessory action against *Thomas M. Tucker*, upon allegations identical with those contained in his previous suit, but with a prayer for the conservatory process of injunction, to prevent further trespass and waste.

TUCKER
v.
BURRIS.

In June, 1851, *Burris*, by his answer filed in the suit of *Tucker*, and by an amended petition filed in the first of his own suits against *Tucker*, converted those actions into the petitory, by alleging title in himself to the *locus in quo*, as derived from *William C. C. Martin*, by public act dated 12th January, 1848, by making *Martin* a party to the suits, and by praying for judgment for the title and possession against *Tucker*.

*Tucker* makes no objection to the change of action from possessory to petitory : but to both the suits of *Burris*, pleads title and the prescription of ten, twenty and thirty years.

The three suits were consolidated by order of court, and were tried by a jury in October, 1856.

In the consolidated issue, *John Burris* was properly regarded as the plaintiff, the burden of proof being upon him, under the pleadings, to make out his title.

The jury found a verdict in his favor for the land and damages, but they allowed *Tucker* the value of his improvements.   He appeals.

The first thing which arrests our attention in the record, is a bill of exceptions to the introduction of a deed of sale executed in the State of Texas, by *John Garrett* and others, to the defendant, before *George R. Billups*,·Clerk of the county court of Jackson county, in said State, dated 21st of July, 1854, with a certificate of a Commissioner of Deeds of the State of Louisiana, in and for the State of Texas, annexed.   The objections made to the introduction of these instruments as evidence were :

1st.  That Commissioners of Deeds, acting in other States under the authority of the State of Louisiana, are not empowered to certify as to the official attributes of officers before whom a deed or other instrument may be acknowledged in such States.

2d.  That it does not appear that Clerks of the county courts in said State of Texas are authorized by the laws of the said State to take the acknowledgment of acts of sale.

It would seem from the remarks of the Judge *a quo* at the foot of the bill of exception, that a portion only of the certificate of the Louisiana Commissioner was intended to be rejected by the court, to wit, that portion which referred to the taking of deeds by the Clerks of courts.   But in point of fact, the whole deed, with the certificate of the Clerk of the county court in Texas, and the certificate of the Louisiana Commissioner, have been excluded from the jury ; and we may well suppose, that the want of this evidence has_been prejudicial to the cause of appellant.   For his plea of the prescription of ten and twenty years required proof of a title translative of property ; and accordingly *Tucker* exhibits a claim of title, of which one of the links is, a conveyance from *Thomas Davis* to *Joshua Garrett*, of date the eighth day of August, 1808 ; and another, a conveyance from certain heirs of *Joshua Garrett* to *Tucker*, of date the 7th July, 1854.

The Act of 1855, sec. 3, p. 44 of the Session Acts, copied from the Act of—, (Bullard & Curry, p. 165, sec. 7,) provides as follows : " The Commissioners are authorized and empowered to authenticate and attest the signature, official capacity and official acts of any Judge, Justice of the Peace, or other public officer, holding a commission or acting under the authority of the State or territory in which he shall reside, and for which he shall have been appointed.

We are of opinion that the certificate of the commissioner for Louisiana being good evidence, under the Statute, of the official capacity of the Clerk of the county court in Texas, there is a *prima facie* presumption of the legal authority of the county Clerk to do that which he is shown to have done, to wit, to receive the acknowledgment of the deed, and that the document should have gone to the jury.

It is, therefore, adjudged and decreed, that the judgment of the District Court upon the verdict of the jury, be reversed; that this cause be remanded for a new trial, with instructions to the District Court to receive in evidence the deed from *John Garrett* and others to *Thomas M. Tucker*, of date the 21st of July, 1854, with the certificates of *George R. Billups*, Clerk of the county court of Jackson county, Texas, and of *J. R. M. Dowden*, Commissioner of Deeds for Louisiana in Texas, annexed to said deed. It is lastly ordered, that the appellee pay the costs of appeal.